UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRANCE J. LAVIGNE

                                   CIVIL ACTION

VERSUS

                                   NUMBER 12-441-BAJ-SCR

CAJUN DEEP FOUNDATIONS, LLC,
ET AL

## RULING ON MOTION TO COMPEL DISCOVERY

Before the court is a Motion to Compel Discovery filed by the plaintiff Terrance J. Lavigne.  Record document number 22.  The motion is opposed.[1]

Plaintiff filed this action against his former employers, defendants Cajun Industries, LLC and Cajun Deep Foundations, LLC, alleging claims of race discrimination and retaliation under Title VII and Louisiana law.  Plaintiff alleged he was hired on August 18, 2005 as a laborer and at the time of his termination was a drill shaft foreman.  Plaintiff alleged that he was terminated on March 22, 2011 because of his race and in retaliation for opposing discriminatory employment practices.

The allegations underlying the plaintiff's race discrimination and retaliation claims were as follows: (1) plaintiff alleges he was wrongfully terminated for violating company policy, and treated

---

[1] Record document number 37.  Plaintiff filed a reply memorandum.  Record document number 42.  Defendants filed a sur-reply memorandum. Record document number 49.

less favorably than white male employees who violated the same or similar policies; (2) plaintiff alleges before his termination he was overlooked and/or denied promotion to superintendent and the pay rate of a superintendent, while white males were regularly brought in from outside or promoted from within the companies to superintendent when they were not fully qualified, and as a consequence he often had to train them or perform some of their duties; (3) plaintiff alleges he was cited for a policy violation for being too close to an open hole,[2] and white males were not cited for the same actions; (4) plaintiff alleges he was cited for a policy violation arising from an accident involving heavy equipment,[3] and white males who had the same or similar accidents were not found in violation of company policies; (5) plaintiff alleges he was cited for a policy violation based on a review of his motor vehicle records, and white males with similar or worse records and/or who otherwise had accidents involving personal/company vehicles were not found in violation of company policy; and (6) plaintiff alleges he was retaliated against for seeking the promotion and pay rate of superintendent, and because of the defendants' concern he would advise OSHA of reportable incidents that were covered up, and for opposing unfair employment

---

[2] This incident occurred in January 2009.

[3] The date of the incident was February 7, 2011.

2

actions that violate Title VII.[4]

The subject of this discovery motion is the plaintiff's First Request for Production of Documents served on the defendant Cajun Deep Foundations on May 9, 2013.[5]  Plaintiff's discovery consisted of 63 requests for production of documents.  Defendant provided responses on September 25, 2013.  Defendant produced some documents and also objected to many of the requests on the ground that they were clearly over broad and not reasonably calculated to lead to the discovery of admissible evidence related to the claims of discrimination and retaliation alleged by the plaintiff.[6]

In a letter dated December 17, 2013, counsel for the plaintiff attached suggested amendments to some of the original document requests, stating that it was an effort "to narrow the scope of the request and further cure the deficiencies in the Defendants' responses."[7]  On December 31, 2013, which was the deadline for completing fact discovery and filing motions to compel fact disocvey, the plaintiff filed the present motion.  Plaintiff argued that the defendant failed to adequately respond to 48 document requests, specifically, Request for Production Numbers 1-19, 24, 25, 27-30, 32, 35, 38-51, 53, 54, and 58-62.

———————————

[4] Record document number 1, Complaint.

[5] Record document number 22-2, Exhibit A.

[6] Record document number 22-3, Exhibit B.

[7] Record document number 22-4, Exhibit C.

Given the extremely over broad document requests served by the plaintiff, it is not surprising the plaintiff claims that 48 of the defendant's 63 responses are deficient.  The above summary of the plaintiff's claims makes it is apparent that the plaintiff's allegations of discrimination and retaliation are focused on a specific time frame and specific incidents.  Yet, the plaintiff's discovery requests could not be more broadly worded.  Plaintiff's suggested amendments in the December 17 letter are somewhat more limited, but still very broad in scope given the plaintiff's allegations.

As written, the plaintiff's requests for production essentially encompass virtually every document related to every job and employee of the defendant during the tenure of the plaintiff's employment from August 2005 through March 2011.  Were the court to specifically consider, analyze and limit (if possible) each of the 48 contested document requests so that the information sought would come within scope Rule 26(b)(1), Fed.R.Civ.P., in light of the plaintiff's allegations, this would amount to the court basically writing/propounding discovery requests for the plaintiff.  It is not appropriate for the court rule on a discovery motion by essentially rewriting dozens of the plaintiff's overbroad document requests.

Nevertheless, considering the motion, memoranda and exhibits as a whole, the plaintiff's motion to compel is resolved as

4

follows.

As to many of the 48 contested document requests, the defendant agreed to produce documents sought by the request if the request was limited to the time frame of June 2009 through March 2011[8] and to employees who were similarly situated to the plaintiff during this time.[9]   Defendant stated that similarly situated employees were drill shaft foremen and superintendents.[10] Therefore, if the defendant has not already done so, it must provide the relevant documents, limited to the time frame of June 2009 through March 2011 and employees who were drill shaft foremen and superintendents, or specifically state that it does not have any responsive documents to produce.

With regard to Requests for Production Numbers 5, 41 and 46 (related to the bridge-striking incidents by two non-white employees), and Request for Production Number 17 (related to a meeting involving the plaintiff, Romell Lavigne and Gene Landry),

---

[8]   In its sur-reply memorandum the defendant argued for a stricter time limitation - February 7, 2011 through March 22, 2011 - stating that any claims arising before that date are prescribed. There has been no finding that any of the plaintiff's claims are prescribed, and this argument is inconsistent with the defendant's initial statement of the appropriate time limitation.

[9]   See, record document number 37, pp. 7-8, defendant's statements regarding Request for Production Number 1.

[10]   Although the defendant initially took the position that only drill shaft foreman were similarly situated, in its sur-reply memorandum the defendant stated drill shaft foreman and superintendents were similarly situated.   Record document number 49, defendant's sur-reply memorandum, p. 2.

the defendant will be ordered to produce any responsive documents from the time period June 2009 through March 2011.   Document Requests 5, 41 and 46 are relevant to the plaintiff's claim that race was a motivating factor in his termination, and Request for Production Number 17 is relevant to the plaintiff's claim that he was retaliated against for opposing employment practices that violated Title VII.   Therefore, the defendants will be ordered to provide supplemental responses to Requests for Production Numbers 5, 17, 41 and 46.

With regard to Requests for Production Numbers 24, 25, 27-30, 40, 42, 48, 53 and 54, the defendant responded that it already produced all the documents responsive to the requests in its September 25, 2013 production.   Plaintiff did not dispute this.   Therefore, there is no basis to compel the defendant to provide supplemental responses to Requests for Production Numbers 24, 25, 27-30, 40, 42, 48, 53 and 54.

Based on a review of the motion, memoranda and exhibits, there is no basis to grant any other relief sought by the plaintiff in the Motion to Compel.

Accordingly, the Motion to Compel Discovery filed by the plaintiff Terrance Lavigne is granted in part.   Within 14 days, the defendant Cajun Deep Foundations, LLC shall supplement its responses to Request for Production Numbers 5, 17, 41 and 46, and the remaining document requests to which it agreed to produce

6

documents pertaining to drill shaft foremen and superintendents from the time period of June 2009 through March 2011.

The remaining aspects of the plaintiff's Motion to Compel are denied.

Under Rule 37(a)(5)(C), Fed.R.Civ.P. each party shall bear its own costs incurred in connection with the motion.

Baton Rouge, Louisiana, February 28, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE